**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALBERT CHAFFEE and DEBORAH**
**CHAFFEE,**

                                        **Plaintiffs,**

          **v.**                                              **5:04-CV-1493**
                                                              **(FJS/GJD)**

**FARMERS NEW CENTURY INSURANCE**
**COMPANY,**

                                        **Defendant.**

_____

**APPEARANCES**                          **OF COUNSEL**

**WIGGINS & KOPKO, LLP**                  **EDWARD E. KOPKO, ESQ.**
308 North Tioga Street
Ithaca, New York 14850
Attorneys for Plaintiffs

**GOLDBERG SEGALLA LLP**                  **DANIEL W. GERBER, ESQ.**
665 Main Street
Suite 400
Buffalo, New York 14203
Attorneys for Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

          Currently before the Court are Defendant Farmers New Century Insurance Company's

("Farmers") motions to dismiss and for reconsideration.[1]  Plaintiffs Albert and Deborah Chaffee

_____

          [1] Farmers moved to dismiss the amended complaint on May 11, 2006.  Thereafter, by
                                                                           (continued...)

("the Chaffees") filed the complaint in this matter on December 28, 2004, alleging causes of action for breach of contract and violation of New York General Business Law § 349.  Farmers answered on February 10, 2005, and moved to dismiss both claims on July 1, 2005.  The Chaffees cross-moved for leave to amend their complaint on October 21, 2005.  The Court, by Memorandum-Decision and Order dated March 31, 2006, granted the Chaffees' motion for leave to amend and denied the motion to dismiss without prejudice and with leave to renew after Farmers reviewed Plaintiffs' amended complaint.  *See* Memorandum-Decision and Order dated March 31, 2006, at 11-12.

In its March 31, 2006 Order, the Court noted that Plaintiffs' proposed amended breach-of-contract claim "fail[ed] to provide Defendant with notice of the contractual provision(s) that it allegedly breached" and was deficient because the factual allegations were conclusory.  *See id*. at 5.  Therefore, the Court instructed the Chaffees to "allege the specific provision(s) of the insurance agreement that they claim[ed] Defendant breached and the specific damages that they suffered as a result of that breach."  *See id*. at 6.

With regard to Plaintiffs' § 349 claim, the Court determined that the proposed amended complaint was sufficient to survive a motion to dismiss.  *See id*. at 11.  The Chaffees filed their amended complaint on April 30, 2006, continuing to assert a claim for breach of contract and a claim under § 349.

_____

[1](...continued)
letter motion, Farmers moved to amend its Notice of Motion to include a motion to reconsider the Court's denial of its motion to dismiss the § 349 claim in addition to the motion to dismiss. *See* Letter Motion dated May 26, 2006.  The Court granted Farmers' motion to amend its Notice of Motion. *See* Order dated May 30, 2006.

## II. BACKGROUND[2]

The Chaffees are two homeowners from Lansing, New York.  During August of 2001, the

Chaffees allege that they contacted True Insurance Agency, an agent of Defendant Farmers.  *See*

Amended Complaint at ¶ 5.

Agents of True Insurance Company represented the following about the "Premium"

Farmers' Insurance Policy: (a) it "provided enhanced provision for the prompt settlement of

claims without hassle or delay . . ." (b) it "provided enhanced provision for the prompt settlement

of claims through Farmers' Large Property Center for Excellence;" (c) it "provided enhanced

provisions called 'Value Protection' whereby [the] Chaffee[s] would be reimbursed the full

amount of any loss, without depreciation;" and (d) it "provided enhanced provisions called

'Homeowners Choice Deluxe Endorsement,' which states: 'For an additional premium, we

provide the following enhanced coverage, subject to all the provisions of the policy."  *See id*. at

¶ 6.

The Chaffees and Farmers entered into a written agreement of insurance on August 24,

2001.  *See id*. at ¶ 8.  The insurance policy provided for payment protection for losses to the

Chaffees' residence premises, personal property, loss of use, and debris removal from various

causes, including fire and smoke.  *See id*. at ¶¶ 9-14.

On December 28, 2003, a fire burned the Chaffees' home and its contents.  *See id*. at

¶ 15.  The Chaffees seek payment for a $70,000 loss to the residence premises, a $70,700 loss to

personal property (exceeding policy limits), and a $20,200 loss of use (exceeding policy limits).

---

[2] The following facts and assertions are based upon Plaintiffs' allegations in their amended complaint, unless otherwise indicated.

*See id*. at ¶¶ 16-18.   After the fire, the Chaffees complied with the notice, repair, inventory, access, and proof of loss requirements in the policy.  *See id*. at ¶¶ 19-21.  By letter dated March 23, 2004, Farmers stated that it neither accepted nor rejected the proof of loss.  *See id*. at ¶ 22.

As stated above, the Chaffees filed their original complaint on December 28, 2004, and an amended complaint on April 30, 2006.  The Chaffees allege that Farmers breached the contract by refusing to adjust or pay their claims in accordance with the policy; refusing to adjust, settle, or compromise their claims; refusing to pay the amounts due under the policy; unreasonably delaying review of their claims; and misrepresenting the benefits of the insurance policy issued to them by refusing to adjust or pay within a reasonable time and accepting higher premium payments for enhanced coverage or benefits and refusing to provide the promised benefits.  *See id*. at ¶¶ 41-47.[3]

The Chaffees seek damages from Farmers' breach in excess of $250,000 for the value of the Chaffees' property, monetary loss of the value of the personal property damaged or destroyed during the fire, and the cost to clean and restore property damaged during the fire.  *See id*. at ¶¶ 48-50.  The Chaffees also seek damages from Farmers' frustration of the their effort to mitigate damages and consequential damages for distress, aggravation and inconvenience in an

---

[3] The Chaffees also allege that Farmers violated New York unfair trade practice regulations, *see* N.Y. Comp. Codes R. & Regs. tit. 11, §§ 216.3-216.6, by misrepresenting policy provisions, failing to acknowledge pertinent communications, failing to investigate claims promptly, and failing to reach a prompt, fair and equitable settlement.  *See* Amended Complaint at ¶¶ 23-38.

Moreover, the Chaffees allege that Farmers violated the implied covenant of good faith and fair dealing by rejecting their estimates, insisting that items damaged beyond repair be repaired, and using contractors affiliated with Farmers to estimate the loss at unreasonably low amounts.  *See id*. at ¶¶ 39-40.

amount exceeding $150,000.  *See id*. at ¶¶ 51-53.[4]

## III.  DISCUSSION

**A.**     **Defendant's motion for judgment on the pleadings**

The standard to address a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as the standard for a Rule 12(b)(6) motion to dismiss.  *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) (citation omitted).  The court "must accept all well-pleaded facts as true and consider those facts in the light most favorable to the plaintiff."  *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007) (citation omitted).  The court may consider the facts alleged in the complaint, "as well as 'documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit.'"  *Id.* at 112 (quoting *Rothman*, 220 F.3d at 88 [(2d Cir. 2000)]).

"A complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'"  *Id.* at 111-12 (quoting *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).  The Second Circuit interprets *Twombly* to require "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*" rather than a heightened fact-pleading requirement.  *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).  However, even under *Twombly*, a court should dismiss a complaint that consists of "'conclusory allegations unsupported by factual assertions . . . .'"  *Americorp Fin., Inc. v. St. Joseph's Hosp.*

---

[4] As noted, in addition to their breach of contract claim, the Chaffees also assert a second cause of action for violation of Section 349 of New York General Business Law.  *See* Amended Complaint at ¶¶ 56-71.

*Health Ctr.*, 180 F. Supp. 2d 387, 390 (N.D.N.Y. 2001) (quoting *De Jesus v. Sears, Roebuck &*

*Co.*, 87 F.3d 65, 70 (2d Cir. 1996)).

### 1. *Breach-of-contract claim*[5]

Under New York law,[6] a plaintiff asserting a claim for breach of contract "must prove the

following elements: (1) the existence of a contract; (2) breach by the other party; and (3) damages

suffered as a result of the breach." *Americorp*, 180 F. Supp. 2d at 390 (citing *Terwilliger v.*

*Terwilliger*, 206 F.3d 240, 245-46 (2d Cir. 2000)).[7]

─────────────────────

[5] Defendant also attempts to dismiss claims for "bad faith" and for punitive damages as procedurally improper based on this Court's Order of March 31, 2006, and on the merits. The Court accepts Plaintiffs' representation that they do not assert an independent bad faith claim against Defendant. *See* Plaintiffs' Memorandum of Law at 4. The Court also notes that Plaintiffs' allegations regarding the implied covenant of good faith and fair dealing are properly part of their claim for breach of contract. *See New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 319-20 (1995) (finding that the lower court should have dismissed plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing as duplicative of its cause of action for breach of contract). Since Plaintiffs have represented that their claim for extra-contractual damages is for consequential damages for breach of contract as enunciated in *Acquista v. New York Life Ins. Co.*, 285 A.D.2d 73 (1st Dep't 2001), the Court does not address the propriety of punitive damages in this breach-of-contract action. *See* Plaintiffs' Memorandum of Law at 5. As for Defendant's procedural argument, the Court finds that the claims that Defendant asserts are improperly part of the amended complaint are either not pled in the amended complaint or are part of Plaintiffs' breach-of-contract cause of action and, thus, properly part of the amended complaint.

[6] On an outcome determinative issue in a diversity action, this Court must apply the substantive law of New York, the forum state. *See McGrath v. Toys "R" Us, Inc.*, 356 F.3d 246, 249 (2d Cir. 2004) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-80, 58 S. Ct. 817, 82 L. Ed. 1188 (1938); *Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994)).

[7] Plaintiffs cite an alternate formulation of the elements of a breach-of-contract claim under New York law. *See* Plaintiffs' Memorandum of Law at 11 (citing *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) ("To make out a viable claim for breach of contract a 'complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages'")). Since the Court used the *Americorp* elements in its

(continued...)

The Court previously found that, "although the existence of a contract between the parties is not in dispute," the complaint failed to provide notice of the contractual provisions the Chaffees allege that Farmers breached.  *See* Memorandum-Decision and Order dated March 31, 2006, at 5.  The Court also found an alternative deficiency in the complaint in that the factual allegations supporting that claim were conclusory because they "simply assert[ed] Defendant breached the contract by refusing to pay the amounts due Plaintiffs, by unreasonably delaying the review, evaluation, and adjustment of Plaintiffs' claim, by making misrepresentations regarding benefits, and by breaching various agreements with Plaintiffs."  *See* Memorandum-Decision and Order dated March 31, 2006, at 5-6.  Therefore, the Court instructed Plaintiffs to "allege the specific provision(s) of the insurance agreement that they claim[ed] Defendant breached and the specific damages that they suffered as a result of that breach."  *See id*. at 6.

In response to the Court's direction, Plaintiffs added the following averments, among others, in the amended complaint:

- facts regarding the initial sale and representations that True Insurance Company made, *see* Amended Complaint at ¶¶ 5-7;
- a statement of insurance, definitions, pertinent descriptions of losses covered and the amount of coverage, that the coverage includes losses caused by fire and smoke, and other clauses from the insurance policy, *see* Amended Complaint at ¶¶ 9-14;
- a fire burned the Chaffees' residence and its contents, *see* Amended Complaint at ¶ 15;
- allegations as to the amount of loss under the coverages of the insurance policy, *see* Amended Complaint at ¶¶ 16-18;

---

[7](...continued)
Memorandum-Decision and Order of March 31, 2006, and Defendants have cited the three *Americorp* elements rather than the four-element test, the Court will analyze the claim using the *Americorp* elements.  In any event, the Court notes that Plaintiffs have sufficiently alleged the second element from *Eternity Global* (that they complied with the contract) that is not one of the *Americorp* elements.  *See* Amended Complaint at ¶¶ 19, 21, 41-42.

- • the terms of the insurance policy with which the Chaffees allege compliance and facts regarding compliance with the Proof of Loss form requirement, *see* Amended Complaint at ¶¶ 19-22;
- • a lengthy recitation of New York Insurance Regulations and alleged violations of those Insurance Regulations, *see* Amended Complaint at ¶¶ 23-38; and
- • alleged breaches of the implied covenant of good faith and fair dealing by rejecting and contesting the Chaffees' estimates, demanding repair of property damages beyond repair, and use of contractors affiliated with Farmers to generate unreasonably low estimates, *see* Amended Complaint at ¶¶ 39-40.

Even with these changes, Defendant argues that the amended complaint still contains similar conclusory statements and invites the Court to compare ¶¶ 17-19, 21-27 of the original complaint with ¶¶ 45-55 of the amended complaint.

Viewing the amended complaint in the light most favorable to Plaintiffs, the Court finds the Plaintiffs have sufficiently pled the first two elements of a claim for breach of contract.

In response to the Court's Order, Plaintiffs also amended the complaint to add the following specific allegations of damages resulting from the breach: insurance payments for losses to the house, personal property, loss of use of the house and personal property, and the cost to clean and restore property damaged by the fire, covered by the insurance policy, *see* Amended Complaint at ¶¶ 48-50; damages from Defendant's frustration of the Chaffees' efforts to mitigate damages for failure to pay for a prompt cleaning of the damaged property, *see id.* at ¶ 51; and consequential damages for distress, aggravation, inconvenience, and alternative living expenses, *see id.* at ¶¶ 54-55. These allegations sufficiently state Plaintiffs' claim for damages and the third element of their breach-of-contract claim.

Accordingly, the Court finds that Plaintiffs have pled their claim for breach of contract with sufficient facts such that the claim is "plausible on its face." *See Twombly*, --- U.S. ----, 127

S. Ct. at 1974. The Court, therefore, denies Defendant's motion for judgment on the pleadings with respect to Plaintiffs' claim for breach of contract.

### 2. Extra-contractual damages

Defendant also seeks judgment on the pleadings regarding Plaintiffs' claims for extra-contractual damages. Plaintiffs have represented that their claim for extra-contractual damages is for consequential damages as enunciated in *Acquista v. New York Life Ins. Co.*, 285 A.D.2d 73 (1st Dep't 2001). *See* Plaintiffs' Memorandum of Law at 5.

The New York Court of Appeals in *Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of N. Y.*, 10 N.Y.3d 187, 192-94 (2008), adopted the central holding of *Acquista*. *See also Panasia Estates, Inc. v. Hudson Ins. Co.*, 10 N.Y.3d 200, 203 (2008). In *Bi-Economy*, the Court of Appeals noted that, under New York law, consequential damages are available in a breach-of-contract action where they are "'brought within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting.'" *Bi-Economy*, 10 N.Y.3d at 192 (quoting [*Kenford Co. v. County of Erie*], 73 N.Y.2d [312,] 319, 540 N.Y.S.2d 1, 537 N.E.2d 176 [(1989)]). The Court explained further that a party "'is liable for those risks foreseen or which should have been foreseen at the time the contract was made.'" *Id*. at 192-93 (quoting *Ashland Mgt. v. Janien*, 82 N.Y.2d 395, 403, 604 N.Y.S.2d 912, 624 N.E.2d 1007 [1993]). "To determine whether consequential damages were reasonably contemplated by the parties, courts must look to 'the nature, purpose and particular circumstances of the contract known by the parties . . . as well as "what liability the defendant fairly may be supposed to have assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made."'"

*Id*. at 193 (quotation omitted).

Accordingly, the Court finds that Plaintiffs' claim for consequential, extra-contractual damages is properly part of their breach-of-contract claim and not a separate cause of action subject to dismissal on a Rule 12(c) motion.  The Court, however, makes no findings as to whether Plaintiffs are entitled to such damages and only notes that Plaintiffs may seek to prove consequential damages as set out in *Bi-Economy*.  Therefore, the Court denies Defendant's motion for judgment on the pleadings with respect to Plaintiffs' claim for consequential extra-contractual damages.

**B.      Defendant's motion for reconsideration**

Defendant asks the Court to reconsider its decision that Plaintiffs' amended cause of action under N.Y. Gen. Bus. Law § 349 survived Defendant's prior motion to dismiss.  As grounds for reconsideration, Defendant cites the Court's distinction of *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308 (1995), and the fact that Plaintiffs did not make such a distinction to which Defendant could respond.  Moreover, Defendant asks the Court to review additional cases that support the application of *New York University*.  *See* Defendant's Letter Motion dated May 26, 2006, at 1.  Specifically, Defendant presents additional cases to demonstrate that the allegations in the complaint are too conclusory and consist of a private contract dispute that does not meet the threshold consumer-oriented requirement of a § 349 claim.[8]

_____

[8] The Chaffees cite a number of Farmers' practices as unfair and deceptive, both to the Chaffees and to the public at large: advertising of insurance policies of the type at issue to the public as policies providing exceptional insurance coverage and claim adjustment procedures; inordinately delaying and denying claims without reference to viability; failing promptly and

(continued...)

In this district, a court should only grant a motion for reconsideration in three limited circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or prevent manifest injustice." *Taormina v. Int'l Bus. Machs. Corp.*, No. 1:04-CV-1508, 2006 WL 3717338, *1 (N.D.N.Y. Dec. 14, 2006) (citing *New York ex rel. Vacco v. RAC Holding, Inc.*, 135 F. Supp. 2d 359, 362 (N.D.N.Y. 2001)).  Courts strictly apply this standard and generally deny motions for reconsideration "unless the moving party presents 'controlling decisions or data that the court overlooked. . . .'" *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  Finally, where a party seeks reconsideration based on an error of law, "the court has broad discretion and should not disregard the law of the case unless it has a '"clear conviction of error."'" *Id.* (quoting *RAC Holding, Inc.*, 135 F. Supp. 2d at 362).

Since Defendant has not presented an intervening change in controlling law or new

---

[8](...continued)
fairly to settle claims; using contractors affiliated with Farmers to under-value losses; failing promptly to settle and pay amounts due to the Chaffees and the public; selling policies containing contradictory, false, and misleading terms and provisions permitting denial and delay of coverage rather than exceptional and enhanced coverage; unreasonably delaying the claim-adjustment process; unreasonably denying coverage; and unreasonably demanding additional, duplicative, and irrelevant information without justification.  *See* Amended Complaint at ¶¶ 57-64.

The Chaffees allege damages to themselves and the public at large because these practices induced the purchase of Farmers' policies and then injured the purchasers of these policies. *See id.* at ¶¶ 65-67.  The Chaffees claim direct injury from Farmers' refusal to pay their legitimate and reasonable claims under the Farmers' policy, including substantial attorney's fees and costs and the loss of use and value of monetary payments that Farmers was obligated to make.  *See id.* at ¶ 68.  In addition, the Chaffees contend that the public at large has been injured because Farmers has refused to pay legitimate and reasonable claims under the policies that the public purchased from Farmers and the public bears the costs of state departments of insurance investigations into Farmers and the imposition of sanctions against Farmers.  *See id.* at ¶¶ 69-70. Finally, the Chaffees assert that Farmers' violations of § 349 warrant punitive damages.  *See id.* at ¶ 71.

evidence, the Court need only determine whether Defendant has presented a need to correct a

clear error of law.  The additional cases Defendant cites to support its motion address the same

argument that the Court has already rejected; and, these cases do not show that the Court's prior

decision presented a clear error of law requiring reconsideration.[9]  Accordingly, the Court denies

Defendant's motion for reconsideration.


## IV.  CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the

applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion for judgment on the pleadings is **DENIED** in its

entirety; and the Court further

**ORDERS** that Defendant's motion for reconsideration of the Court's denial of its motion

to dismiss Plaintiffs New York General Business Law § 349 claim is **DENIED** in its entirety;

and the Court further

---

[9] Furthermore, the cases that Defendant submitted analyze this situation using the framework of the New York Court of Appeals' decisions in *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20 (1995), and *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308 (1995), both of which the Court considered in its prior decision. *See* Memorandum-Decision and Order dated March 31, 2006, at 8-9 & 9 n.8.

**ORDERS** that Plaintiffs' counsel is to initiate a telephone conference with the Court and Defendant's counsel, using a professional conferencing service, on **October 7, 2008** at **10:00 a.m.**, to discuss the status of this action.

**IT IS SO ORDERED.**

Dated: September 24, 2008
         Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

-13-